MAYER, Circuit Judge,
dissenting in part.
The combined content of the Regulatory Capital Maintenance Agreement (“RCMA”), the Assistance Agreement, and the Federal Home Loan Bank Board (“FHLBB”) implementing resolutions, all signed on the same day, proves that the Individual Plaintiffs * entered into an overall contract with the government. The promises and obligations within these documents were intended to personally benefit and burden them, independent of their status as shareholders.
At the contract formation stage, the Individual Plaintiffs were the government’s only counterparties for purposes of negotiation. Before the acquisition that gave rise to this case, Southern California Savings and Loan Association (“Old Southern”) was insolvent and the Federal Savings and Loan Insurance Company (“FSLIC”) bore full responsibility for its liabilities. To avoid liquidation, the government actively solicited prospective purchasers or merger partners who might rescue the troubled institution. S. Cal. Fed. S & L Ass’n v. United States, 52 Fed.Cl. 531, 533 (2002) (“SoCal /”). In response, the Individual Plaintiffs submitted a bid expressly conditioned upon the government’s promise of substantial capital forbearances. Id. at 535. To this end, they alone negotiated with the government, and Southern California Federal Savings and Loan Association (“SoCal”) was later created through the performance of the contract, via a supervisory conversion that occurred at the closing of the transaction on April 30, 1987.
The issue is whether the “government made any promises, contractual or otherwise, that were expressly intended to benefit the shareholders personally, independently of their status as shareholders.” Castle v. United States, 301 F.3d 1328, 1338 (Fed.Cir.2002). The government contends that the Individual Plaintiffs were mere investors in SoCal Holdings, Inc *1339 (“SCH”). This narrow characterization, however, ignores the personal and individual contractual obligations that they assumed pursuant to the RCMA. As the trial court found, “[t]he Government specifically required the Individual Plaintiffs to sign and execute the RCMA before [the government] would ‘provide [the] financial assistance and indemnification[s] set forth in the Assistance Agreement.’ ” S. Cal. Fed. S & L Ass’n v. United States, 57 Fed.Cl. 598, 605 (2003) (“SoCal II”) (quoting RCMA, Recital “E,” p. 2). Moreover, “[t]he personal guarantees represented by their individual signatures provided extra security to the Government that the Individual Plaintiffs would not walk away from the ailing thrift. [The RCMA] imposed obligations on the private signatories for up to 12 years.” Id.
While this court is correct that the Entire Agreement clause contained in the Assistance Agreement does not expressly incorporate the RCMA, it fails to accord appropriate weight to the fact that “the very validity of the Assistance Agreement was conditioned upon the Individual Plaintiffs’ execution of the RCMA: ‘The [FSLIC]’s obligations pursuant to this Agreement are also conditioned upon the following: ... The execution and delivery by [SCH], [SoCal], and the Investors [each Individual Plaintiff ... ], as appropriate, of the Regulatory Capital Maintenance Agreement....’” SoCal I, 52 Fed. Cl. at 542 (quoting the Assistance Agreement, sec. 2(b)). The Individual Plaintiffs were essential to the formation of the overall contract in their individual capacities because the FHLBB “explicitly conditioned its approval of the transaction on the execution of the RCMA by the FSLIC, SCH, SoCal, and the Individual Plaintiffs.” Id. (citing FHLBB Res. 87-511, p. 7). The RCMA is the basic contract document of the transaction on which all other agreements depend. See Castle, 301 F.3d at 1339 (referring to the RCMA at issue as the “main document comprising the alleged contract”). Accordingly, the combined documents constitute an overall contract giving the Individual Plaintiffs standing to enforce both the capital credit and the supervisory goodwill promises of the government and I would affirm the Court of Federal Claims on this point.

 The Individual Plaintiffs include: Arbur, Inc., the Estate of William E. Simon, Sr., Roy Doumani, Preston Martin, and Beverly W. Thrall.